UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STERLING R. LANIER, JR.,

    Plaintiff,

v.    Case No. 3:08-cv-833-J-12JRK

CAPTAIN R. SMITH, et al.,

    Defendants.

## ORDER

Plaintiff Sterling R. Lanier, Jr., an inmate of the Florida penal system, is proceeding on a Complaint (hereinafter Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. The named Defendants are Captain R. Smith and Sergeant E. L. Allen, correctional officers at Columbia Correctional Institution.

This cause is before the Court on Defendants' Motion to Dismiss Based on Plaintiff's Failure to Exhaust Administrative Remedies (hereinafter Motion to Dismiss) (Doc. #22), filed April 29, 2009. See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir.) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'") (footnote and citations omitted), cert. denied, 129

S.Ct. 733 (2008). Plaintiff, on May 6, 2009, filed a Response to Defendants' Motion to Dismiss (Doc. #23) (hereinafter Response). Thus, the Motion to Dismiss is now ripe for review.

The Prison Litigation Reform Act (hereinafter PLRA), 42 U.S.C. § 1997e, reads as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Thus, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d at 1374; Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Furthermore, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998)).

Defendants assert that Plaintiff has failed to exhaust his administrative remedies. Petitioner, in his Response, argues: "I

feel I properly exhausted state remedies in both grievances after it was passed to the Inspector's Generals [sic] Office by the Warden." Response at 2. Upon review of the record before the Court, Plaintiff was informed on three occasions that the matter had been referred to the Office of the Inspector General. Ex. C (grievance log number 0701-201-164); Ex. E (grievance log number 0701-201-150); Ex. H (grievance log number 07-6-08008).[1] Since the matter was referred to the Inspector General's Office for review and consideration, Defendants' Motion to Dismiss will be denied.

Therefore, it is now

**DONE AND ORDERED:**

1. Defendants' April 29, 2009, Motion to Dismiss (Doc. #22) is **DENIED**.

3. Defendants shall respond to the Complaint within **THIRTY (30) DAYS** from the date of this order.

**DONE AND ORDERED** at Jacksonville, Florida, this 19TH day of June, 2009.

                                          Howell W. Melton
                                  UNITED STATES DISTRICT JUDGE

sa 6/17
c:
Sterling R. Lanier, Jr.
Ass't Attorney General (Marks)

---

[1] The Court hereinafter refers to Defendants' Exhibits as "Ex."